ELEUTERIA VÁZQUEZ, Plaintiff and Appellee, *v.* JUAN RIVERA-LÓPEZ DE VICTORIA, Defendant and Appellant.

No. 4259.   Argued February 24, 1928.—Decided March 6, 1928.

*Adolfo Porrata Doria* for the appellant.   *Miguel Marcos Morales* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This injunction proceeding to recover possession was brought in the district court of Guayama on a complaint filed by Eleuteria Vázquez substantially alleging that for more than thirty years and until July 26, 1926, she had been in possession of a property of 14 acres of land in the ward of Beatriz of the municipal district of Cayey, the property being described; that on the said date of July 26, 1926, defendant Juan Rivera López de Victoria entered the property without the consent and against the will of the plaintiff and built a fence inclosing eight acres of the said property, depriving the plaintiff of the possession thereof.

The defendant, as shown by the stenographic notes, seems to have demurred to the complaint. The demurrer has not been copied into the judgment roll. The judgment roll contains the answer of the defendant denying the possession of the plaintiff and the disturbance and deprivation alleged in the complaint, and alleges in opposition that he owns and possesses a property in the ward of Beatriz of the municipal

district of Cayey containing eight acres of land, describing its boundaries, and states the ownership title and the possession from his predecessor in interest.

At the commencement of the trial of the present case counsel for the plaintiff stated to the court that he had information that the defendant had prepared a demurrer and that, as agreed between them, he was going to amend the complaint in order to make an exact description of the eight acres occupied by the defendant. The defendant expressly agreed to this request, although he did not withdraw the demurrer, stating that the demurrer as well as the amendment to the complaint had been admitted by mutual consent.

The evidence in the present case was somewhat extensive and, above all, contradictory. There was great insistence in submitting documents and titles which were not pertinent in a case of possession; and in a large part of the examination the question of ownership seemed to be the only one discussed.

The district court of Guayama decided the case in favor of the plaintiff. The conflict in the evidence was adjusted in favor of the plaintiff.

The judgment of that district court is dated January 28, 1927, and from it the present appeal was taken. The appellant has assigned four errors which perhaps may be reduced to two.

The first assignment of error refers to the failure to sustain the demurrer for lack of sufficient facts to state a cause of action.

In the argument on this assignment the appellant contends that the amended complaint had not been verified when it was served on the defendant. It appears from the record that that pleading had been verified on the date of its filing, although the oath appears subsequent to the ruling of the court admitting it. In any case, far from raising at that moment during the trial any objection for the reason stated,

·it appears from the record that there was a stipulation between the parties for the admission of the amended complaint; and it would be too late now and contradictory on the part of the defendant to make that objection.

In his argument in support of this assignment the defendant discussed the question of natural possession and civil possession as a basis for his demurrer. The appellant seems to confound natural possession with actual possession which is that required by law in this proceeding.

In the amended complaint there is the allegation that the plaintiff has been in possession of the property sued on for more than thirty years as its owner by inheritance from her father. Perhaps it is unnecessary to mention in this allegation the source or title of that possession. But even then the way to object to the propriety of such an allegation is not by means of a demurrer but by a motion to strike.

The question of natural possession and civil possession is not correctly brought up in the demurrer. It could have been raised in another form at the trial.

The first error assigned by the appellant does not exist.

The second error assigned by the appellant is that the judgment put again the plaintiff in possession of the eight acres of the defendant.

The third error assigned is the granting to the plaintiff of the injunction, deciding in her favor a conflict of titles.

And the fourth error assigned refers to the granting of the injunction based on the question of boundaries.

In reality, what is discussed in the argument on the assignments of error is the weighing of the evidence in the case. Apart from the fact that the court has weighed the evidence with all discretion and propriety, it has been the constant doctrine of this court as regards the weight of the evidence that it would be necessary to show that the trial court erred through passion, bias or prejudice, or committed

a gross and essential error to justify our interference with the weighing of the evidence.

We do not see that the district court of Guayama ordered the re-establishment of the plaintiff "in the possession of the eight acres of land belonging to the defendant." The court found that the eight acres of land in question were in the possession of the plaintiff who was deprived of that possession by the defendant, according to the weight given by the court to the evidence. In his argument on this second point the appellant confined himself to a statement of what he believed to be the best weighing of the evidence in the case, and he does allege that the plaintiff has not shown her title. The only thing the plaintiff had to prove was her possession. The title is not involved in this kind of proceedings, as has been repeatedly declared by the jurisprudence affirming in its letter and spirit the special Act governing these cases. *Ortiz* v. *Silva,* 28 P.R.R. 357.

What we have just stated applies to the third assignment. The appellant argues on the evidence and its effect and on the ownership title.

In the fourth assignment of error the appellant makes a grave mistake. He says that the court granted the injunction based on the fact of the fixing of boundaries. We do not find either in the opinion or in the judgment anything to justify that statement.

It is true that in the present case, when identifying the property whose possession the plaintiff alleges mention has been repeatedly made of a small creek which was either a natural boundary or a dividing line in regard to other properties. But this is not the question of fact determined by the judgment, nor can it be said, on a reading of the opinion, that the district court of Guayama has ruled on a question of boundaries in the present case. The question decided by this court in *Richardson* v. *Martínez* is different from the one herein determined.

The judgment appealed from must be affirmed.